Estate of Morris I. Ritholz, Deceased, Benjamin D. Ritholz, Administrator, and Fannie Ritholz, et al. [1] v. Commissioner. Estate of Ritholz v. Commissioner
Docket Nos. 78544-78547, 86916-86920.
United States Tax Court
T.C. Memo 1963-136; 1963 Tax Ct. Memo LEXIS 208; 22 T.C.M. (CCH) 649; T.C.M. (RIA) 63136; May 20, 1963
*208 Held: Legal fees incurred in an unsuccessful defense of a criminal prosecution under a state bribery statute against a managing partner of a partnership are not deductible as ordinary and necessary business expenses. Richard Weinberger, 77 W. Washington St., Chicago, Ill., for the petitioners. Nelson E. Shafer, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in these consolidated cases in the years and amounts indicated below: Docket No
Petitioner
Year
Deficiency
78544
Estate of Morris I. Ritholz, Deceased, et al.
1955
$2,017.60
78545
Benjamin D. Ritholz
1955
1,977.83
78546
Samuel J. Ritholz and Sylvia Ritholz
1955
2,063.25
78547
Jacob Bedno and Anna Bedno
1955
678.61
86916
Jacob Bedno and Anna Bedno
1956
2,478.88
86917
Samuel J. Ritholz and Sylvia Ritholz
1956
6,789.83
86918
Estate of Morris I. Ritholz, Deceased, et al.
1956
6,797.60
86919
Benjamin D. Ritholz
1956
6,582.06
86920
Sophie Ritholz
1956
235.75 The foregoing amounts are in issue only to the extent that they are attributable to the disallowance of legal fees, *209 incurred in the unsuccessful defense of a criminal prosecution against the managing partner Benjamin D. Ritholz, which fees were claimed as a deduction on certain partnership information returns. Findings of Fact Some of the facts are stipulated and they are found accordingly. In the years 1955 and 1956, and for many years prior thereto, petitioners Benjamin D. Ritholz, the late Morris I. Ritholz and Fannie Ritholz, Samuel J. Ritholz and Sylvia Ritholz, and Sophie Ritholz, together with Jacob Bedno and Anna Bedno, were partners in "Dr. Ritholz and Sons," a partnership which has been, and still is, engaged in the business of selling eyeglasses in principal communities of various states, including Michigan. At all times pertinent, petitioner Benjamin D. Ritholz was, and still is, the managing partner of said partnership. Benjamin, Morris (who died in 1958) and Samuel Ritholz were brothers and Sophie Ritholz and Anna Bedno were their sisters. Sylvia and Fannie Ritholz were the wives of Samuel and Morris, respectively, and Jacob Bedno was the husband of Anna Bedno. About 1950, the partnership of Dr. Ritholz and Sons commenced selling eyeglasses under the name of King Optical Company *210 at various localities in the State of Michigan, and by 1954 or 1955, the partnership had approximately seven or eight establishments in operation. The partnership returns of Dr. Ritholz and Sons include the following amounts that were expended by the partnership in connection with the unsuccessful defense of a criminal charge preferred against Benjamin D. Ritholz: Year
Amount
1955
$13,835.00
1956
39,965.50
The details of the criminal charge against Benjamin D. Ritholz were as follows: Under the Michigan law, in order for King Optical Company to sell its glasses, the customer had to have a prescription issued by an oculist or optometrist. If a customer had no prescription, it was the practice of King Optical Company to refer such customers to a licensed optometrist for a prescription. Usually King Optical Company had a licensed optometrist located adjacent to and most often renting from King Optical Company. The Michigan Optometric Association adopted a policy that no optometrist should have anything to do with optical firms like King Optical Company and should not take referrals from them. An optometrist named Edwin Sanchick had an office in Lansing, Michigan, *211 adjacent to King Optical Company. The Michigan State Board of Examiners in Optometry is a State regulatory agency having jurisdiction over optometrists. On July 20, 1955, a complaint was filed against Sanchick by one of the Board's inspectors charging him with employing King Optical Company as a "capper or steerer" to obtain business for him. Benjamin D. Ritholz was interested in having the complaint against Sanchick dropped or dismissed by the Board for if he lost the case he would lose his license and other optometrists would not take referrals from King Optical Company. The criminal charge against petitioner Benjamin D. Ritholz was instituted by an information, filed on November 18, 1955, wherein he was charged, in substance, as follows: On or about August 8, 1955, Benjamin D. Ritholz offered and promised to pay $6,000 to three members of the Michigan State Board of Examiners in Optometry, and did in fact pay the sum of $100 to each member, to influence their disposition of a matter then pending before said Board, in violation of a Michigan bribery statute. The criminal charge against petitioner Benjamin D. Ritholz resulted in a conviction that was affirmed in , *212 certiorari denied . Petitioners' distributive shares of ordinary partnership income from Dr. Ritholz and Sons, as reported on their respective individual income tax returns for the years in question, were determined after a deduction was taken in the computation of ordinary partnership income on the 1955 and 1956 partnership returns for legal fees in the amounts hereinbefore stated incurred in the unsuccessful defense of the criminal charge preferred against petitioner Benjamin D. Ritholz. The foregoing legal fees which were deducted in the partnership returns for the years 1955 and 1956 did not constitute ordinary and necessary business expenses of said partnership or partners. Petitioners' distributive shares of partnership income for the years in question cannot be reduced by any amount attributable to the legal fees incurred or paid in connection with the unsuccessful defense of the criminal charges preferred against petitioner Benjamin D. Ritholz. Opinion It has been held in numerous cases that legal expenses incident to a taxpayer's unsuccessful defense of a criminal charge are not deductible as ordinary and necessary legal expenses. *213 See , where we held an attorney's legal expense incident to his unsuccessful defense of the charge of subornation of perjury, was rightly disallowed. See also footnote 8 in ; Henry L. Peckham, 40 T.C. - (filed May 15, 1963). There is no use canvassing the authorities again, especially since petitioner cites no decision of any court holding otherwise. It is enough to say public policy is expressed in statutes defining certain acts as crimes and it would frustrate sharply defined public policy to allow expenses incident to criminal activity as deductions. Since the commission of a personal crime cannot under any circumstances be recognized as part of a taxpayer's business, his expenses incident thereto are personal. Petitioners cite cases where the expenses of successful resistance to criminal charges have been allowed as business expenses when the criminal charge was directly connected with the taxpayer's business or proximately resulting therefrom. Petitioner argues the circumstances of business connection were present here because his activity was to help the partnership business by helping *214 Dr. Sanchick save his license, and the partnership business was threatened with extinction by the criminal prosecution of its managing partner. The presence of what can be described as business connection circumstances are important when the defense is successful. The expenses of a successful defense of a criminal charge of a purely personal nature are never deductible. ; . However, the presence of such business connection circumstances are immaterial when the criminal activity of the taxpayer is established. When guilt is established the expenses for defense are nothing more than expenses incident to criminal activity. Circumstances which might show the managing partner's criminal activities were designed to further or even save the partnership business will not make the expense of his unsuccessful defense a business expense. Decisions will be entered for the respondent in all dockets. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: BENJAMIN D. RITHOLZ, Docket Nos. 78545, 86919; SAMUEL J. RITHOLZ and SYLVIA RITHOLZ, Docket Nos. 78546, 86917; JACOB BEDNO and ANNA BEDNO, Docket Nos. 78547, 86916; and SOPHIE RITHOLZ, Docket No. 86920.↩